Opinion
WOOLLEY, J.
Plaintiffs Larry R. Cromwell III, and The Law Offices of Harry R. Cromwell III, and their attorney, Alan D. Wilner, appeal from an order awarding sanctions to defendant Louise Cummings pursuant to Code of Civil Procedure section 128.7.[1] We reverse.
Facts and Procedural Background
On March 4, 1997, plaintiffs, through Attorney Wilner, filed a complaint for common counts, alleging that defendant owed them $7,931.70 for legal services rendered. By letters of March 10 and April 5, defendant’s attorney informed Attorney Wilner that there was a prior small claims court judgment on the same claim and that the municipal court action was barred under principles of res judicata. The correspondence threatened unspecified sanctions under section 128.7 unless the complaint was dismissed with prejudice.
On April 7, 1997, defendant filed a demurrer to plaintiffs’ complaint, which was sustained without leave to amend on April 25 in the absence of opposition. A week later, defendant served a motion for sanctions under section 128.7, seeking $4,185 in attorney fees from plaintiffs and Attorney Wilner. The motion was filed on May 5, along with a memorandum of costs, and was granted on May 23, three days after judgment was entered.
*Supp. 13 Discussion
The principal issue presented on appeal is whether defendant complied with the “safe harbor” provision of section 128.7, subdivision (c)(1), which requires service of “notice of motion” and the “motion” at least 30 days prior to filing:[2] “. . . Notice of motion shall be served as provided in Section 1010, but shall not be filed with or presented to the court unless, within 30 days after service of the motion, or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.”[3]
A motion is an application for an order, and it is deemed to have been brought before the court upon the due service and filing of notice of motion. (§§ 1003, 1005.5.) In order to constitute a proper notice of motion, a document must, inter alia, state the nature of the order being sought, specify the time the motion will be heard, and be accompanied by supporting papers. (§ 1010; Cal. Rules of Court, rules 311(a), 313(a); see, e.g., Bohn v. Bohn (1913) 164 Cal. 532, 536-537 [129 P. 981].) Furthermore, constitutional principles of due process require a notice of motion to identify the persons against whom monetary sanctions are being sought. (Blumenthal v. Superior Court (1980) 103 Cal.App.3d 317, 320 [163 Cal.Rptr. 39].)[4]
Defendant’s motion for sanctions was served 21 days prior to the hearing, and it was filed only 3 days later. In the absence of an order shortening time, this was a clear violation of the “safe harbor” provision. Furthermore, even if the motion had been properly served 30 days prior to filing, the request for sanctions was rendered moot by the court’s ruling of April 25, which sustained defendant’s demurrer without leave to amend.
*Supp. 14 As is the case with sanctions under the Discovery Act[5] and under the 1993 revision of rule 11 of the Federal Rules of Civil Procedure (upon which section 128.7 was modeled),[6] sanctions under section 128.7 are not designed to be punitive in nature but rather to promote compliance with statutory standards of conduct. As the Sixth Circuit Court of Appeals pointed out in reversing a postjudgment award of sanctions under rule 11, “. . . the offending party can avoid sanctions altogether by withdrawing or correcting the challenged document or position after receiving notice of the allegedly violative conduct. In that way, the ‘safe harbor’ provision works in conjunction with the duty of candor, giving the proponent of a questionable claim an opportunity to assess the claim’s validity without immediate repercussion.” (Ridder v. City of Springfield (6th Cir. 1997) 109 F.3d 288, 294.) Permitting a motion for sanctions to be brought following judicial disposition of the improper pleading would undermine this purpose. (Id. at pp. 295-297.)
Without citing any authority, defendant argues that the letters of March 10 and April 5 constituted substantial compliance with the “safe harbor” requirement of section 128.7, subdivision (c)(1). “Substantial compliance . . . means actual compliance in respect to the substance essential to every reasonable objective of the statute.” (Stasher v. Harger-Haldeman (1962) 58 Cal.2d 23, 29 [22 Cal.Rptr. 657, 372 P.2d 649].) Thus, for example, the doctrine of substantial compliance has been held inapplicable to election filing deadlines, since the policy of avoiding uncertain administration of preelection procedures mandates strict compliance with timeliness requirements. (Barnes v. Wong (1995) 33 Cal.App.4th 390, 396-397 [39 Cal.Rptr. 417]; see also Gifford v. J & A Holdings (1997) 54 Cal.App.4th 996, 1006 [63 Cal.Rptr.2d 253] [untimely recordation of notice of sale of assets not curable by postponement of close of escrow, in light of statutory purpose of ensuring adequate opportunity for creditors to file claim prior to date specified in notice].)
Here, the central purpose of the “safe harbor” provision is to provide an adequate opportunity for withdrawal (i.e., voluntary dismissal) without *Supp. 15 penalty once the impropriety of the pleading and the consequence of non-withdrawal have been made clear. The provision was also intended to reduce the volume of sanctions litigation, to formalize due process considerations, and to reduce the chilling effect of potential sanctions awards. (Ridder v. City of Springfield, supra, 109 F.3d at p. 294.) Correspondence to opposing counsel which threatens sanctions of an unknown nature at an unspecified time against unidentified persons, and which lacks citation to controlling authority, does not fulfill these statutory purposes.
Application of the doctrine of substantial compliance would be inconsistent with the plain language of the “safe harbor” provision, which has been strictly construed as an absolute prerequisite to an award of sanctions under revised rule 11 of the Federal Rules of Civil Procedure (28 U.S.C.). (See Ridder v. City of Springfield, supra, 109 F.3d at p. 296.) “To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the ‘safe harbor’ period begins to run only upon service of the motion.” (Jud. Conf. Advisory Com., notes on 1993 amends., 28 U.S.C.A., Fed. Rules Civ.Proc., rule 11 (1998 pocket supp.) p. 262.) By specifically requiring service of the “motion” and “notice of motion,” the Legislature made clear that the papers to be served on the opposing party are the same papers which are to be filed with the court no less than 30 days later.
Finally, defendant argues that Attorney Wilner has waived his right of appeal, since the notice of appeal was filed solely on behalf of plaintiffs. In order to give effect to the strong public policy in favor of deciding appeals on their merits, rule 121(a) of the California Rules of Court requires a timely notice of appeal to be liberally construed in favor of its sufficiency. (Beltram v. Appellate Department (1977) 66 Cal.App.3d 711, 714-715 [136 Cal.Rptr. 211].) In the absence of prejudice to defendant, we deem the notice of appeal to include an undesignated attorney who was found jointly and severally liable for sanctions. (Kane v. Hurley (1994) 30 Cal.App.4th 859, 861, fn. 4 [35 Cal.Rptr.2d 809].)
Disposition
The order of the lower court is reversed. We assume that the imposition of sanctions against Attorney Wilner was reported to the California State Bar in accordance with Business and Professions Code section 6086.7, subdivision (c), and we therefore direct the clerk of this court to forward a copy of this opinion to the State Bar.
Jameson, P. J., and Velasquez, J., concurred.

Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

Citing Santos v. Civil Service Bd. (1987) 193 Cal.App.3d 1442 [239 Cal.Rptr. 14], defendant also argues that the award of sanctions was mandatory under California Rules of Court, rule 870(b)(4), because the memorandum of costs included a claim for $4,185.50 in attorney fees and no motion to tax costs was filed. In light of defendant’s election (noted on the cost memorandum itself) to seek sanctions by a noticed motion, plaintiffs were not required to file a motion to tax which merely would have duplicated the opposition to defendant’s motion.
More fundamentally, defendant is unable to cite any authority which would permit an award of sanctions under section 128.7 as an item of postjudgment costs. Notably, the word “costs” has been omitted from section 128.7. For the reasons hereafter stated, a request for sanctions under section 128.7 brought subsequent to judicial disposition of the improper pleading must be treated as untimely.

Because section 1005, subdivision (b) requires motions to be filed 15 days prior to the hearing, section 128.7, subdivision (c)(1) effectively requires a motion for sanctions to be served at least 45 days before it will be heard, unless the period of notice is shortened by the court.

Significantly, section 128.7, subdivision (d)(1) bars an award of monetary sanctions against a party whose attorney asserts frivolous legal contentions in violation of subdivision (b)(2). “Monetary responsibility for such violations is more properly placed solely on the party’s attorneys.” (Fed. Rules Civ.Proc., rule 11, Advisory Com. notes on 1993 amends., 28 U.S.C.)

“ ‘ “The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery he seeks, but the court may not impose sanctions which are designed not to accomplish the objects of discovery but to impose punishment. [Citations.]” ’ ” (Laguna Auto Body v. Farmers Ins. Exchange (1991) 231 Cal.App.3d 481, 488 [282 Cal.Rptr. 530], quoting Caryl Richards, Inc. v. Superior Court (1961) 188 Cal.App.2d 300, 303-304 [10 Cal.Rptr. 377].)

Crowley v. Katleman (1994) 8 Cal.4th 666, 690 [34 Cal.Rptr.2d 386], See also dissenting opinion of Justice Arabian, id. at page 702, footnote 2. The language of rule 11(c)(1)(A) of the Federal Rules of Civil Procedure (28 U.S.C.) is virtually identical to that of section 128.7, subdivision (c)(1), except that the “safe harbor” period is 21 days instead of 30. Because of the identical language and derivation, federal case law construing revised rule 11 is persuasive authority with regard to the meaning of section 128.7. (See People v. Helms (1997) 15 Cal.4th 608, 614 [63 Cal.Rptr.2d 620, 936 P.2d 1230].)