[No. F030743. Fifth Dist. Aug. 11, 1999.]

RICHARD I. BARNES, Plaintiff, v.
DEPARTMENT OF CORRECTIONS, Defendant and Respondent;
ADAM FAIRBAIRN, Objector and Appellant.

COUNSEL

John F. Hodges for Objector and Appellant.

Lozano, Smith, Smith, Woliver & Behrens, Peter K. Fagen and Eileen M. O'Hare for Defendant and Respondent.

---

**OPINION**

**ARDAIZ, P. J.—**

### INTRODUCTION

Subdivision (c)(1) of Code of Civil Procedure section 128.7[1] provides that a motion for sanctions under this section "shall not be filed with or presented to the court unless, within 30 days after service of the motion, or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." This clause is commonly referred to as the "safe harbor provision" of the statute because it "allows the party against whom sanctions are sought an opportunity ['safe harbor'] to withdraw or correct the challenged paper and thereby avoid [the imposition of a] sanction[]." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1999) ¶ 9:1196, p. 9 (III)-35.) In this case we hold that a complaint in a civil action cannot be "withdrawn or appropriately corrected" after the civil action has been tried and judgment has been entered. Therefore, a section 128.7 sanctions motion served and filed by a defendant after judgment has been entered cannot properly be granted if the conduct alleged to be sanctionable is the improper filing and/or advocating of the plaintiff's complaint. In determining whether to award sanctions, the court "shall consider whether a party seeking sanctions has exercised due diligence." (§ 128.7, subd. (c).) In the situation just described, the moving defendant has not "exercised due diligence" because the moving defendant cannot lawfully be permitted to deprive the plaintiff of the benefits of the safe harbor provision of the statute.

### BACKGROUND

On May 10, 1996, Richard I. Barnes filed a complaint against the State of California, Department of Corrections (herein Department), alleging that the Department kept documents concerning him in violation of the Public Safety Officers Procedural Bill of Rights Act (Gov. Code, § 3300 et seq.). The Department's demurrer to the complaint was sustained with leave to amend on July 12, 1996. The plaintiff subsequently filed his first amended complaint, which survived both a demurrer and a motion for summary judgment.

---

[1] All further references are to the Code of Civil Procedure unless otherwise indicated.

The case proceeded to trial in April of 1997, where the Department made a motion for a nonsuit at the close of plaintiff's evidence. The trial court took the motion under submission, but never ruled on the motion. Judgment was entered in favor of the Department on August 14, 1997.

On November 10, 1997, *three months after judgment was entered in the case*, the Department served plaintiff with a notice of motion for sanctions pursuant to section 128.7. Defendant filed this motion on December 12, 1997. The notice of motion did not "describe the specific conduct" alleged to be sanctionable (§ 128.7, subd. (c)(1)), but the Department's points and authorities in support of the motion argued that "plaintiff's complaint was frivolous, unreasonable and totally without foundation."

After a hearing on the motion, the trial court ordered plaintiff and his attorney, Adam Fairbairn, to pay the Department's attorney fees, in the amount of $80,636, as a sanction for filing a frivolous lawsuit. This amount appears to have included the entire cost of defending the case.

Appellant, Adam Fairbairn, subsequently filed a timely notice of appeal of the trial court's award.

On appeal, appellant claims the trial court abused its discretion in finding the underlying claim had no merit, that sanctions are inappropriate when a complaint survives dispositive motions such as a demurrer and motion for summary judgment, that the sanctions request was untimely because it was filed after the conclusion of the case, that the sanctions award was excessive, and that the court erred in failing to describe the sanctionable conduct and explaining the basis for the sanctions imposed. We agree with appellant's contention that the sanction request was untimely and, therefore, we will reverse the trial court's award of sanctions.

I.

RESPONDENT'S MOTION FOR SANCTIONS DID NOT COMPLY WITH THE
SAFE HARBOR PROVISION

■ We will first address the issue of whether the motion for sanctions was untimely filed because the issue is dispositive. Appellant argues that the trial court's ruling ordering him to pay sanctions in excess of $80,000 should be reversed because respondent failed to comply with the safe harbor provision of section 128.7, subdivision (c)(1). We agree.

■ Initially we address respondent's claim that appellant is precluded from raising this issue because he failed to raise it in the trial court. It is true

that the general rule is that failure to raise an issue below will waive that claim on appeal. (*People* v. *Clark* (1993) 5 Cal.4th 950, 988, fn. 13 [22 Cal.Rptr.2d 689, 857 P.2d 1099].) However, this rule does not apply when the new theory on appeal is a pure question of law with no factual disputes. (*Menefee* v. *County of Fresno* (1985) 163 Cal.App.3d 1175, 1182 [210 Cal.Rptr. 99].) Assuming appellant failed to raise the issue below, the issue before this court is one of statutory interpretation, which is a pure question of law. (*Diamond Multimedia Systems, Inc.* v. *Superior Court* (1999) 19 Cal.4th 1036, 1046 [80 Cal.Rptr.2d 828, 968 P.2d 539].) ▊ In the present case there is no dispute that respondent both served and filed the notice of motion for sanctions after the trial court ruled in favor of respondent on the underlying claim. Therefore, the question before this court is whether a party may serve and file a notice of motion for sanctions under section 128.7, subdivision (c)(1) after the action giving rise to the motion for sanctions has been concluded. We find a party must serve a notice of motion for sanctions prior to the final disposition of the claimed sanctionable conduct, and that the motion for sanction in this case was untimely.

Section 128.7 requires that at least one attorney, or the party if he/she is not represented by an attorney, sign all pleadings, petitions, notice of motions and other similar papers. (§ 128.7, subd. (a).) The signature indicates that the attorney, or party, certifies that: the paper is not being presented for an improper purpose; the legal contentions are warranted by law or nonfrivolous argument for extension, modification or reversal of existing law; the allegations and factual contentions have evidentiary support or are likely to have such support after a reasonable opportunity to further investigate; and the denials of factual contentions are warranted by the evidence. (§ 128.7, subd. (b).) If the court determines, after notice or a reasonable opportunity to respond, that the attorney or party improperly certified the document, it may impose an appropriate sanction. (§ 128.7, subd. (c).) In determining whether or not to order sanctions, the court is required to consider due diligence of the party seeking sanctions. (*Ibid.*)

In addition, section 128.7 contains a safe harbor provision specifying the motion for sanctions may not be filed "unless, within 30 days after service of the motion, . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." (§ 128.7, subd. (c)(1).) In effect, filing a motion for sanctions is a two-step procedure. First, the party must serve a notice of motion for sanctions on the offending party at least 30 days before filing the motion with the court. (*Ibid.*) The motion must specifically describe the sanctionable conduct. (*Ibid.*) If the offending party does not withdraw the pleading or otherwise correct the sanctionable conduct, then the motion may be filed and the court may determine an appropriate sanction. (*Ibid.*)

Likewise, the court, on its own motion, may enter an order directing the attorney to show cause why it should not be sanctioned. However, the court must allow the party 30 days to appropriately correct the offending conduct.

At issue in this case is the meaning of section 128.7 subdivision (c)(1). That section provides:

"(c) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation. In determining what sanctions, if any, should be ordered, the court shall consider whether a party seeking sanctions has exercised due diligence.

"(1) A motion for sanctions under this section shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). *Notice of motion shall be served as provided in Section 1010, but shall not be filed with or presented to the court unless, within 30 days after service of the motion, or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.* If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees." (Italics added.)

■ The primary purpose of statutory interpretation is to determine the intent of the Legislature " 'so as to effectuate the purpose of the law.' " (*People* v. *Cruz* (1996) 13 Cal.4th 764, 774-775 [55 Cal.Rptr.2d 117, 919 P.2d 731]; *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386 [241 Cal.Rptr. 67, 743 P.2d 1323].) We begin by examining the language of the statute, giving the words their ordinary meaning. (*Nahrstedt* v. *Lakeside Village Condominium Assn.* (1994) 8 Cal.4th 361, 378 [33 Cal.Rptr.2d 63, 878 P.2d 1275].) The words of the statute must be considered in context, keeping in mind the purpose of the statute. (*Id.* at pp. 378-379.) " 'Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]' " (*DuBois* v. *Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 388 [20 Cal.Rptr.2d 523, 853 P.2d 978].) "When statutory language is . . . clear and unambiguous there is no need for construction, and the courts should not indulge in it." (*Solberg* v.

*Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].)

 It is clear from the language of section 128.7, subdivision (c)(1) that the Legislature intended that a party could avoid sanctions by withdrawing or otherwise appropriately correcting the offending paper, claim, defense, contention, allegation, or denial.[2] Therefore, it is reasonable to conclude the Legislature intended to give the offending party an opportunity to correct its conduct and avoid any sanctions. Allowing a party to wait until the case has ultimately been resolved to serve and file a notice of motion for sanctions would clearly defeat this purpose. By doing so, the party would be able to completely circumvent the "safe harbor" provision in every case by merely waiting until the conclusion of the case to file a sanctions motion. By withdrawing specious or meritless legal contentions, pointless and time-consuming litigation is avoided. Failing to comply with procedures designed to minimize or reduce meritless litigation, in effect promotes it.

Section 128.7 was adopted specifically to apply Federal Rules of Civil Procedure, rule 11 (28 U.S.C.) (hereinafter rule 11), as amended in 1993, to cases brought on or after January 1, 1995. (See Sen. Com. on Judiciary, rep. on Assem. Bill No. 3594 (1993-1994 Reg. Sess.).) The wording of section 128.7, subdivision (c)(1) is almost identical to that found in rule 11(c)(1)(A).[3] The only apparent difference is that section 128.7 allows a 30-day "safe harbor" while rule 11 provides a 21-day "safe harbor." In addition, the "Notes of the Advisory Committee" for rule 11 were adopted as a statement of legislative intent for section 128.7. (*Ibid.*; *Goodstone* v. *Southwest Airlines Co.* (1998) 63 Cal.App.4th 406, 423 [73 Cal.Rptr.2d 655].) This is of particular importance because the notes address the very

---

[2]We recognize that such a rule allows a party to escape sanctions simply by withdrawing an improper pleading when challenged. (*Ridder* v. *City of Springfield* (6th Cir. 1997) 109 F.3d 288, 294-295.)

[3]Rule 11(c)(1)(A) provides as follows:

"(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

"(1) How Initiated.

"(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees."

issue before this court. The committee stated: "Given the 'safe harbor' provisions discussed below, *a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention.)*" (Fed. Rules Civ.Proc., rule 11, 28 U.S.C.A. (1999 pocket supp.) Advisory Com. Notes, 1993 amendments, p. 283, italics added.) Therefore it is clear that the legislative intent was to require filing a motion for sanctions before the resolution of the case.

There have been numerous recent cases that have suggested this result. In *Goodstone v. Southwest Airlines Co., supra,* 63 Cal.App.4th 406, the Second District found that sanctions were inappropriate under section 128.7 because the defendants did not comply with the statute's safe harbor provision. (63 Cal.App.4th at p. 424.) The court reasoned that the safe harbor provision was designed to allow the attorney an opportunity to withdraw or correct the offending document. (*Id.* at p. 423.) In that case the motion for sanctions failed to comply with the statute because it was filed with the court less than 30 days after it was served on the plaintiff. (*Ibid.*) In reaching this conclusion the court analogized to rule 11 and cases interpreting that rule. The court pointed out that the federal decisions interpreting rule 11's safe harbor provision were in accord in concluding a party could not wait until the conclusion of the case to file a motion for sanctions. (63 Cal.App.4th at pp. 421-422, and cases cited therein.)

In *Cromwell v. Cummings* (1998) 65 Cal.App.4th Supp. 10 [76 Cal.Rptr.2d 171], the appellate division of the superior court likewise held that the defendant violated section 128.7's safe harbor provision by waiting only 21 days between serving the motion on plaintiff's counsel and filing the motion with the court. (65 Cal.App.4th at p. Supp. 13.) However, the court went on to explain that even if the defendants had waited 30 days to file the motion, sanctions would still be inappropriate because the defendants served and filed the motion after the trial court had sustained a demurrer to the complaint. (*Ibid.*) The purpose of section 128.7 is to deter frivolous filings, not to punish parties. (65 Cal.App.4th at Supp. 14.) This purpose is forwarded by allowing the offending party to avoid sanctions altogether by appropriately correcting the sanctionable conduct after being alerted to the violation

Most recently, in *Malovec v. Hamrell* (1999) 70 Cal.App.4th 434, 444 [82 Cal.Rptr.2d 712] the Second District held that the trial court was prohibited from imposing sanctions under section 128.7 on its own motion after there had been a dispositive ruling in the case. In that case, the court set a hearing date for plaintiff's counsel to show cause why it should not impose sanctions under section 128.7 during a hearing on defendant's motion for summary

judgment. Prior to the hearing, the plaintiff voluntarily dismissed the complaint with prejudice and then opposed sanctions on the basis that he had withdrawn the complaint within the 30-day safe harbor provision. The trial court found the voluntary dismissal ineffective, and imposed sanctions. (70 Cal.App.4th at p. 437.) The appellate court reversed the sanctions award. In doing so, it noted that section 128.7 was enacted to conform California's sanction provision with rule 11. It found that the purpose of section 128.7 was to allow the offending party an opportunity to correct the sanctionable conduct without penalty during the safe harbor period. (70 Cal.App.4th at p. 441.) Such a purpose is advanced by precluding a party from filing a sanctions motion unless the offending party has been served with the motion and had the statutory opportunity to withdraw or otherwise correct the pleading or conduct. Allowing a party to serve and file a motion for sanctions after a dispositive ruling in the case would completely circumvent that purpose.

Likewise, federal cases interpreting rule 11 have come to the same conclusion. In *Ridder* v. *City of Springfield*, *supra*, 109 F.3d 288, the court interpreted rule 11's safe harbor provision. At issue in *Ridder* was a sanctions motion, which was both served and filed after a motion for summary judgment had been granted in the case. In addition, the defendants failed to serve the motion on the plaintiff prior to filing the motion with the trial court. (109 F.3d at p. 292.) The Sixth Circuit held that a "party must now serve a Rule 11 motion on the allegedly offending party at least twenty-one days prior to the conclusion of the case or judicial rejection of the offending contention. If the court disposes of the offending contention before the twenty-one day 'safe harbor' period expires, a motion for sanctions cannot be filed with or presented to the court. Any other interpretation would defeat the rule's explicit requirements." (*Id.* at p. 295.) The court then went on to examine the defendant's contention that it need not comply with the 21-day waiting period because the plaintiff could no longer withdraw the offending pleading. The court stated that: "By virtue of its nature, the 'safe harbor' provision cannot have any effect if the court has already rendered its judgment in the case; it is too late for the offending party to withdraw the challenged claim. Given the futility of the 'safe harbor' provision in this context, [the defendant] deduces that compliance is unnecessary. This is where we depart from [the defendant's] logic. Rather than excusing [the defendant's] noncompliance, we instead hold that [the defendant] has given up the opportunity to receive an award of Rule 11 sanctions in this case by waiting to file the motion until after the entry of summary judgment. As stated above, a motion for sanctions under Rule 11 must be served on the offending party for a period of 'safe harbor' at least twenty-one days prior to the entry of final judgment or judicial rejection of the offending contention.

A party seeking sanctions must leave sufficient opportunity for the opposing party to choose whether to withdraw or cure the offense voluntarily before the court disposes of the challenged contention." (*Id.* at pp. 296-297.)

The same reasoning applies here. Allowing respondent to serve and file the motion for sanctions after the conclusion of the case would completely defeat the purpose of the safe harbor provision. At the time respondent served the motion on appellant, there was no action appellant could take to avoid the imposition of sanctions. Although respondent waited more than 30 days to file the motion for sanctions prescribed by the statute, this action alone was insufficient to comply with the statute's safe harbor provision. Therefore, we find that in order to comply with the safe harbor provision in section 128.7, a party must at the very least serve the motion for sanctions prior to the conclusion of the case.[4]

Respondent contended at oral argument that it substantially complied with section 128.7 when it gave appellant informal notice that it would seek sanctions if appellant did not dismiss the complaint.[5] We disagree.

First, it is apparent that section 128.7 requires a formal noticed motion in order to comply with the statute. While it is true that respondent's letter did explain that respondent would seek sanctions under the section if appellant failed to withdraw the complaint, it did not comply with the mandates of the statute. Subdivision (c)(1) of section 128.7 requires that the motion "shall describe the specific conduct alleged to violate" the section. Respondent's letter did not describe any conduct, it merely stated the complaint was without merit. The letter did not explain how or why the complaint was frivolous. Therefore, respondent can hardly contend that it complied with the statute.

In addition, as the court in *Cromwell* v. *Cummings*, *supra*, 65 Cal.App.4th Supp. 10, recognized, "[a]pplication of the doctrine of substantial compliance would be inconsistent with the plain language of the 'safe harbor'

---

[4]We note that this case does not present the issue of whether a motion that is served on a party 30 days prior to the conclusion of the case, but is filed after the case has been resolved, is timely. (See *Powell* v. *Squire, Sanders & Dempsey* (S.D. Ohio 1998) 990 F.Supp. 541.)

[5]Respondent sent appellant a letter that stated: "After reviewing your recent responses to interrogatories, requests for admissions, our client's depositions and your opposition to defendant's motion for summary judgment, it is clear that your clients' complaints is wholly without merit. Please take notice that unless you dismiss the complaint immediately, pursuant to Code of Civil Procedure § 128.7, defendant will seek sanctions against you, your law firm, and client after they prevail in the action."

Respondent claimed at oral argument that it did not provide formal notice at this time because they knew that appellant would not withdraw the complaint. Such a reason completely contravenes the purpose of section 128.7, which is to deter frivolous litigation.

provision, which has been strictly construed as an absolute perquisite to an award of sanctions under revised rule 11 of the Federal Rules of Civil Procedure (28 U.S.C). (See *Ridder* v. *City of Springfield, supra,* 109 F.3d at p. 296.)" (*Id.* at p. Supp. 15.) Indeed, the Advisory Committee Notes to rule 11 state: "To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the 'safe harbor' period begins to run only upon *service of the motion.* In most cases however, *counsel should be expected to give informal notice* to the other party, whether in person or by a telephone call or *letter,* of a potential violation before proceeding to prepare and serve a Rule 11 motion." (Fed. Rules Civ.Proc., rule 11, 28 U.S.C.A., *supra,* Advisory Com. Notes, 1993 amendments, p. 284, italics added.)

The Advisory Committee Notes make clear that a formal noticed motion is necessary to comply with the statue. In addition, the notes contemplate giving informal notice, such as was provided here, before filing the formal noticed motion which triggers the safe harbor period. Therefore, such informal notice could not serve as a substitute for a formal noticed motion under the rule. As we have already stated, the California Legislature adopted the Advisory Committee Notes as a statement of legislative intent when enacting section 128.7. Therefore, informal notice of an intent to seek sanctions in the future cannot serve as a substitute to the requirements set forth in section 128.7 for a formal noticed motion.

There is one additional argument by respondent that deserves comment. Respondent claims that serving a motion for sanctions prior to the conclusion of this case would have been futile because "the court was not inclined to order sanctions until all the evidence had been presented and the court had a full opportunity to examine and weigh the evidence." Respondent reasons that under *Cooter & Gell* v. *Hartmarx Corp.* (1990) 496 U.S. 384, 395 [110 S.Ct. 2447, 2455-2456, 110 L.Ed.2d 359],[6] the trial court has jurisdiction to decide collateral issues, such as sanctions, after the conclusion of the case. Respondent misses the point. As we have explained above, the purpose of the safe harbor provision in section 128.7 is to allow the offending party an opportunity to reevaluate his claim and take appropriate actions in order to avoid sanctions. By failing to serve the motion for sanctions before the conclusion of the case, respondent deprived appellant of the opportunity to withdraw his complaint. Whether or not the trial court would have been inclined to rule on the sanctions motion before the final resolution of the case, therefore, is irrelevant. Furthermore, respondent deprived the trial court

---

[6]We note that *Cooter & Gell,* which decided whether rule 11 sanctions could be imposed subsequent to the final disposition of the underlying action, was decided before the 1993 amendment to rule 11 which created the safe harbor provision.

of the opportunity to rule on the sanctions motion earlier. Therefore, we cannot find serving and filing a sanctions motion in the present case prior to the disposition of the case would have been futile.

We also note that respondent's position is inconsistent with the "due diligence" provision of section 128.7, subdivision (c)(1): ". . . In determining what sanctions, if any, should be ordered, the court shall consider whether a party seeking sanctions has exercised due diligence."

We question how a party can be regarded as exercising due diligence if by its delay in serving the motion pursuant to section 128.7, it precludes the responding party from the opportunity to correct the offending conduct.

### DISPOSITION

For the foregoing reasons, the judgment imposing sanctions against appellant is reversed. Costs to appellant.

Wiseman, J., and Levy, J., concurred.

On August 20, 1999, the opinion was modified to read as printed above.