[No. B213099. Second Dist., Div. Four. Nov. 19, 2009.]

GALLERIA PLUS, INC., Plaintiff, v.
HANMI BANK, Defendant and Respondent;
DAVID D. KIM & ASSOCIATES, Objector and Appellant.

**COUNSEL**

David D. Kim & Associates, David D. Kim, Matthew E. Karanian, Mark M. Higuchi and Rosa Kwong for Objector and Appellant.

No appearance for Respondent.

**OPINION**

**EPSTEIN, P. J.**—Appellant David D. Kim & Associates appeals from an order directing payment of monetary sanctions to respondent Hanmi Bank pursuant to Code of Civil Procedure section 128.7.[1] Among other arguments, appellant contends that respondent failed to provide required notice of its

---

[1] All unspecified statutory references are to the Code of Civil Procedure.

motion for sanctions. We agree—respondent's notice of its motion for sanctions did not meet the requirements of sections 128.7, subdivision (c)(1) and 1010. The award of sanctions therefore must be reversed. We need not and do not address appellant's other arguments.

## FACTUAL AND PROCEDURAL SUMMARY[2]

In March 2008, appellant filed a complaint on behalf of its client Galleria Plus, Inc., against respondent, alleging a violation of Financial Code section 952 and related causes of action. On April 25, 2008, respondent served appellant with a purported notice of motion for sanctions in the amount of $7,022.50 against appellant. The notice asserted that the claims underlying the complaint against respondent were not warranted by existing law, and that appellant was collaterally estopped from representing Galleria Plus, Inc. The face page and body of the document stated that the motion would come on for hearing "on AAA at BBB." It noted that the motion for sanctions could not be filed until 21 days after it had been served, which in this case would be "on and after May 23, 2008." On June 13, 2008, respondent served appellant with a motion for sanctions and filed it with the court the same day. The June 13, 2008 motion stated that respondent would move the court for a sanctions order on August 6, 2008.

The motion came on for argument before the trial court, and was continued to allow respondent to prepare a declaration showing compliance with the notice requirements of section 128.7. The trial court then heard oral argument on the motion and took the matter under submission. It granted the motion, ordering sanctions in the amount of $7,022.50 against three attorneys doing business as "David D. Kim & Associates." Appellant timely appeals from the order pursuant to section 904.1, subdivision (a)(12).

## DISCUSSION

█    In pertinent part section 128.7, subdivision (c)(1) reads as follows: "A motion for sanctions under this section shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). Notice of motion shall be served as provided in Section 1010, but shall not be filed with or presented to the court unless, within 21 days after service of the motion, or any other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. . . ." Section 1010

---

[2] Because respondent did not appear in this appeal, we "decide the appeal on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2); see *Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 333 [67 Cal.Rptr.3d 286].)

provides that a notice of a motion "must state when . . . it will be made." The availability of sanctions under section 128.7 in connection with undisputed facts is a question of law subject to de novo review. (*Li v. Majestic Industrial Hills LLC* (2009) 177 Cal.App.4th 585, 591 [99 Cal.Rptr.3d 334].)

■ Section 128.7 is designed to be remedial, not punitive. (*Li v. Majestic Industrial Hills LLC, supra,* 177 Cal.App.4th at p. 591.) The offending party can " ' "avoid sanctions by withdrawing the improper pleading during the [21-day] safe harbor period. [Citation.] This permits a party to withdraw a questionable pleading without penalty, thus saving the court and the parties time and money litigating the pleading as well as the sanctions request." [Citations.]' " (*Day v. Collingwood* (2006) 144 Cal.App.4th 1116, 1127 [50 Cal.Rptr.3d 903].) A formal noticed motion is required to begin the 21-day period. (*Barnes v. Department of Corrections* (1999) 74 Cal.App.4th 126, 135 [87 Cal.Rptr.2d 594].) Strict compliance with the statute's notice provisions serves its remedial purpose and underscores the seriousness of a motion for sanctions. (See *Li v. Majestic Industrial Hills LLC, supra,* 177 Cal.App.4th at p. 595; *Barnes v. Department of Corrections, supra,* 74 Cal.App.4th at p. 136; *Cromwell v. Cummings* (1998) 65 Cal.App.4th Supp. 10, 14 [76 Cal.Rptr.2d 171].)

Section 128.7 mandates that notices of motion "*shall* be served as provided in Section 1010." (*Id.,* subd. (c)(1), italics added.) Section 128.7's incorporation of section 1010 is compulsory, not permissive. (Cf. *Jones v. Catholic Healthcare West* (2007) 147 Cal.App.4th 300, 306 [54 Cal.Rptr.3d 148] [finding the use of "may" in § 364, subd. (c) permits rather than requires compliance with § 1010].) Respondent's purported notice, served April 25, 2008, indicated the motion would be heard "on AAA at BBB." The document failed to specify when the motion would be made, rendering it fatally defective. (See *Bohn v. Bohn* (1913) 164 Cal. 532, 536 [129 P. 981] [applying § 1010 to find a document entitled "motion" which failed to specify a time for hearing fatally defective]; Cal. Rules of Court, rule 3.1110(b)(1); 6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 9, pp. 433–434.) The document's statement that a sanctions motion could be filed "on and after May 23, 2008" did not provide notice of the 21-day period or serve the remedial purpose of section 128.7's notice provisions.

■ Because respondent filed its June 13, 2008 motion for sanctions the same day it was served, it did not comply with section 128.7, subdivision (c)(1) and the order must be reversed.

## DISPOSITION

The order awarding sanctions is reversed. Appellant to have its costs on appeal.

Willhite, J., and Manella, J., concurred.