[No. B208404. Second Dist., Div. Seven. Sept. 8, 2009.]

JOSEPH LI, Plaintiff and Appellant, v.
MAJESTIC INDUSTRY HILLS LLC, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part 1. of the Discussion.

**COUNSEL**

Law Offices of Shin P. Yang, Shin P. Yang and Frank Carleo for Plaintiff and Appellant.

Greenberg Glusker Fields Claman & Machtinger, Michael A. Greene and Caroline H. Burgos for Defendant and Respondent.

## OPINION

**PERLUSS, P. J.**—Joseph Li appeals from orders denying his belated motion to vacate the voluntary dismissal of his wrongful termination action against Majestic Industry Hills LLC (MIH), which had been entered in 2003 pursuant to a confidential settlement agreement, and awarding sanctions under Code of Civil Procedure section 128.7 (section 128.7) on the ground the motion to vacate was frivolous. We affirm the order denying the motion to vacate, but reverse the award of sanctions because the trial court's order denying the motion to vacate on the 19th day following service of the section 128.7 motion deprived Li of the full 21-day safe harbor period mandated by that statute.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Li's 2003 Lawsuit Against MIH*

MIH, which operates the Pacific Palms Conference Resort, terminated Li's employment as an executive sous chef in March 2003. In August 2003 Li sued MIH alleging, among other claims, breach of contract and wrongful termination in violation of public policy. As to the latter cause of action, Li alleged he had been fired in retaliation for his complaints to management about MIH's alleged practice of serving "spoiled, expired, and/or otherwise adulterated food to its customers," in particular, tainted roasted pigs, in violation of various provisions of the Penal Code and the Health and Safety Code.

### 2. *The Settlement of the Lawsuit and Dismissal of the Action with Prejudice*

In November 2003 Li and MIH settled the lawsuit. A notice of settlement, prepared and signed by Li's attorney of record, was filed with the court on November 4, 2003. On November 10, 2003 a request for dismissal of the entire action with prejudice, again signed by Li's counsel, was filed with the court. The clerk entered the dismissal as requested on the same day.

### 3. *Li's 2008 Motion to Vacate the Dismissal*

On March 14, 2008 Li, represented by new counsel, filed a motion asking the court to use its equitable power to "set aside and cancel the settlement

agreement and dismissal with prejudice." Li asserted the 2003 settlement agreement violated public policy by containing confidentiality provisions that prevented him from exposing MIH's continuing criminal behavior to government officials or the general public. The motion sought to set aside "only that portion of the settlement agreement and resulting dismissal which involved the hiding and covering up of continued acts by [MIH] which under the appealable statutes and case law are crimes in the State of California." Li personally served the motion on MIH on March 14, 2008. The hearing on the motion was scheduled for April 4, 2008.

### 4. MIH's Opposition and Motion for Sanctions

On March 21, 2008 MIH filed and served its opposition to the motion.[1] At the same time MIH served on Li a motion for sanctions pursuant to section 128.7, asserting the motion to vacate the dismissal was frivolous. Pursuant to section 128.7's safe harbor provision, MIH did not file its sanctions motion with the court.

### 5. The Trial Court's Denial of the Motion to Vacate and Order Awarding Sanctions

The court continued the hearing on Li's motion to set aside the judgment from April 4, 2008 to April 9, 2008. Then, on April 9, 2008—19 days after the section 128.7 motion had been served—the court denied Li's motion, finding Li had not demonstrated the settlement agreement had been obtained "by fraud, undue influence, was void on its face, or that the court did not have jurisdiction to enter a dismissal pursuant to the settlement agreement." Accordingly, the court ruled, "there was no basis for the court to exercise its inherent power to vacate the dismissal pursuant to the settlement agreement."

On April 18, 2008—28 days after it had served the section 128.7 motion for sanctions—MIH filed the motion with the court. Li filed opposition papers, arguing his motion to vacate the dismissal was not frivolous and MIH's motion for sanctions violated section 128.7's safe harbor provision. MIH filed reply papers. On May 12, 2008 the court granted the motion, concluding Li's motion to vacate the dismissal was "not warranted by existing law, or by a nonfrivolous argument for the extension, modification or

---

[1] MIH's opposition papers noted it had received 15 court days' notice of Li's motion, rather than the 16 court days' notice required by Code of Civil Procedure section 1005, subdivision (b).

reversal of existing law, or the establishment of new law." The court imposed sanctions against Li and his lawyers, jointly and severally, in the amount of $9,750.

Li filed a timely notice of appeal from both the order denying his motion to vacate the dismissal and the order imposing sanctions.

## DISCUSSION

1. *The Trial Court Did Not Err in Denying Li's Motion To Vacate the Dismissal*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

2. *The Trial Court Erred in Granting MIH's Section 128.7 Motion for Sanctions*

    a. *Governing law*

■ Section 128.7 requires attorneys (or parties if they are unrepresented) to certify, through their signatures on documents filed with the court, that every pleading, motion or other similar paper presented to the court has merit and is not being presented for an improper purpose. (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 516 [87 Cal.Rptr.3d 475, 198 P.3d 560]; *Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685 [96 Cal.Rptr.3d 172] (*Martorana*); see § 128.7, subd. (b)(1)–(4).) If, after notice and a reasonable opportunity to respond, the court determines the certification was improper under the circumstances, it may impose an appropriate sanction. (§ 128.7, subd. (c).)

■ Subdivision (c)(1) of section 128.7 contains a safe harbor provision.[3] It requires the party seeking sanctions to serve on the opposing party, without filing or presenting it to the court, a notice of motion specifically describing the

---

[*]See footnote, *ante*, page 585.

[3] Section 128.7, subdivision (c)(1), provides, "A motion for sanctions under this section shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). Notice of motion shall be served as provided in Section 1010, but shall not be filed with or presented to the court unless, within 21 days after service of the motion, or any other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. . . ."

sanctionable conduct. Service of the motion initiates a 21-day "hold" or "safe harbor" period. (See *Martorana, supra,* 175 Cal.App.4th at p. 698; *Banks v. Hathaway, Perrett, Webster, Powers & Chrisman* (2002) 97 Cal.App.4th 949, 953 [118 Cal.Rptr.2d 803] (*Banks*).) During this time, the offending document may be corrected or withdrawn without penalty. If that occurs, the motion for sanctions " 'shall not' " be filed. (*Martorana,* at p. 698, fn. 2; see § 128.7, subd. (c)(1).)[4]

By mandating a 21-day safe harbor period to allow correction or withdrawal of an offending document, section 128.7 is designed to be remedial, not punitive. (*Martorana, supra,* 175 Cal.App.4th at p. 699.) " 'The purpose of the safe harbor provisions is to permit an offending party to avoid sanctions by withdrawing the improper pleading during the safe harbor period. [Citation.] This permits a party to withdraw a questionable pleading without penalty, thus saving the court and the parties time and money litigating the pleading as well as the sanctions request.' " (*Ibid.;* see *Malovec v. Hamrell* (1999) 70 Cal.App.4th 434, 440 [82 Cal.Rptr.2d 712].)

The availability of sanctions under section 128.7 in connection with undisputed facts is a question of law subject to de novo review. (*Martorana, supra,* 175 Cal.App.4th at p. 698; *Barnes v. Department of Corrections* (1999) 74 Cal.App.4th 126, 132 [87 Cal.Rptr.2d 594].)

> b. *Because the trial court's ruling on Li's motion to vacate deprived Li of the full safe harbor period to avoid imposition of sanctions, the award of sanctions was improper*

MIH waited until April 18, 2008, more than 21 days after serving its motion for sanctions on Li, to file the motion with the court. However, because the trial court heard and decided Li's motion to vacate on April 9, 2008, the 19th day following service of the sanctions motion, Li did not have 21 days to correct or withdraw his motion. Although the court is authorized to shorten the 21-day safe harbor period (§ 128.7, subd. (c)(1)), it did not do so in this case.

A number of appellate courts have recognized, albeit in somewhat different contexts, that once the offending pleading or motion is resolved, the party who filed it has no opportunity to take the corrective action contemplated by

---

[4] The court may also impose sanctions on its own motion, provided it first affords the party to be sanctioned the 21-day safe harbor period within which to correct or withdraw the offending document. (See § 128.7, subd. (c)(2).)

the safe harbor provision and an award of sanctions is not proper. (See *Day v. Collingwood* (2006) 144 Cal.App.4th 1116, 1128 [50 Cal.Rptr.3d 903] (*Day*) [courts in a number of cases "have concluded that a motion for sanctions under section 128.7 that is not *served* sufficiently in advance of a dispositive ruling on the challenged pleading fails to comply with the safe harbor provision set forth in section 128.7, subdivision (c)(1)"]; *Malovec v. Hamrell, supra,* 70 Cal.App.4th at p. 442 [" 'party seeking sanctions must leave sufficient opportunity for the opposing party to choose whether to withdraw or cure the offense voluntarily before the court disposes of the challenged contention' "]; *Barnes v. Department of Corrections, supra,* 74 Cal.App.4th at p. 135 [motion for § 128.7 sanctions served after judgment entered; "[a]t the time [the defendant] served the motion on [plaintiff], there was no action [plaintiff] could take to avoid the imposition of sanctions"].)

The rationale for these decisions was explained in *Day, supra,* 144 Cal.App.4th 1116. In *Day* the defendant, who had successfully moved for summary judgment, sought sanctions pursuant to section 128.7, contending the action filed against him was frivolous. The Court of Appeal upheld an award of sanctions, explaining that, as long as the section 128.7 motion is served 21 days before the hearing on the challenged document (here, the complaint), the fact the section 128.7 motion was filed with the court following the hearing on the challenged pleading or motion does not preclude an award of sanctions. (*Day,* at p. 1129.) What is essential is that the party who filed the offending document has the benefit of the "full safe harbor period within which to dismiss the action." (*Ibid.*) If the party seeking sanctions has given the opposing party 21 days to act, as prescribed by section 128.7, the fact the sanctions motion itself was filed after the hearing on the challenged document had been completed, even if judgment has been entered, is neither a jurisdictional nor statutory bar to sanctions. (*Day,* at p. 1129.)

The case at bar differs from previously decided cases, however, because it was not the party seeking sanctions that set the hearing date, as in *Day, supra,* 144 Cal.App.4th 1116, or as would be true when a defendant seeks sanctions directed to a purportedly frivolous complaint that is also the subject of a demurrer. (See, e.g., *Banks, supra,* 97 Cal.App.4th at p. 954 [describing procedures for seeking sanctions for frivolous complaint together with demurrer challenging complaint].) Rather, this case illustrates the predicament a defendant faces when the plaintiff files and serves an offending motion, setting the hearing 16 court days later, the minimum time allowed by Code of Civil Procedure section 1005.[5] The defendant may serve a section 128.7

---

[5] Sixteen court days usually equates to 22 calendar days, but in the absence of a court holiday extends no longer than 24 calendar days.

motion seeking sanctions with its opposition papers, but is prohibited by section 128.7 from filing the motion with the court until 21 days after service. Unless the hearing on the underlying challenged motion is continued or an order shortening time to file the section 128.7 motion for sanctions is obtained, the merits of the underlying motion will likely be resolved by the court before the full safe harbor period has expired.

Simply put, the issue in this situation is who bears the responsibility for seeking to continue the hearing to ensure a full 21-day safe harbor period: Is it the party who intends to seek sanctions or the party who initially selected the hearing date? MIH contends the burden properly falls on Li, insisting it has done all section 128.7 requires by timely serving its motion for sanctions and waiting more than 21 days before filing it with the court, even though the court ruled on its motion to set aside the dismissal before 21 days had elapsed. By electing to go forward with the hearing on April 9, 2008, rather than correcting or withdrawing the motion prior to the hearing (or moving to continue the hearing to allow further time to reflect on the possibility of sanctions), MIH suggests Li has effectively forfeited any right to complain he did not have the full 21 days prescribed by section 128.7.

MIH's position is inconsistent with a commonsense interpretation of the language of section 128.7 (see *People v. Loeun* (1997) 17 Cal.4th 1, 9 [69 Cal.Rptr.2d 776, 947 P.2d 1313] [" '[i]n interpreting statutes, we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law . . .' "]), as well as existing appellate authority requiring strict compliance with its safe harbor provision. (See, e.g., *Martorana, supra,* 175 Cal.App.4th at p. 700 [strict compliance with safe harbor provision required; when safe harbor period shortened absent order of the court, sanctions not available irrespective of meritless nature of offending document]; *Malovec v. Hamrell, supra,* 70 Cal.App.4th at pp. 441–442; *Goodstone v. Southwest Airlines Co.* (1998) 63 Cal.App.4th 406, 423–425 [73 Cal.Rptr.2d 655].)[6]

By including the safe harbor in section 128.7, the Legislature intended to foster compliance with its provisions and to conserve judicial

---

[6] MIH's argument, followed to a logical end, leads to absurd results. Here, the motion for sanctions was served 19 days before the actual hearing date on Li's motion. But under MIH's reasoning, service of the section 128.7 motion six days—or three or even one—before the hearing on the challenged motion would be sufficient so long as a 21-day interval exists between service and filing of the motion for sanctions. Plainly, providing only a few days to correct or withdraw the offending document before the court addresses its merits vitiates any effectiveness of the safe harbor period.

resources otherwise spent adjudicating a sanctions motion by affording a prescribed period of time during which a party may correct or withdraw a frivolous or improper pleading or motion without any penalty. (See, e.g., *Martorana, supra*, 175 Cal.App.4th at p. 699.) If the merits of the objectionable document are resolved by the court prior to the expiration of the safe harbor period, there is nothing left to correct or withdraw, thereby undermining the remedial purpose of the safe harbor provision. Because compliance with the safe harbor is a prerequisite to recovering sanctions, the burden is appropriately placed on the party seeking the sanctions to ensure the full safe harbor is provided. (See *Malovec v. Hamrell, supra*, 70 Cal.App.4th at pp. 441–442.)

■ What, then, should a party in MIH's position do to preserve its ability to seek sanctions if the other side refuses to correct or withdraw a frivolous or improper motion or pleading? As suggested in one of the most widely used practice guides, MIH could have sought a continuance of the underlying hearing or an order shortening time to file its section 128.7 motion (in effect, an order reducing the safe harbor period). (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2009) ¶ 9:1203, p. 9(III)-26 (rev. # 1, 2007) ["Seeking an order shortening the 21-day 'safe harbor' period makes sense when sanctionable *motion papers* are filed by the opposing party and only 16 court days' notice of motion is given. . . . [¶] Alternatively, you can move to *continue* the hearing date on the offending motion so as to allow the 21-day safe harbor period to expire."].) In this case, MIH neither moved for a continuance nor sought an order shortening time. To the contrary, when Li sought a continuance at the outset of the hearing on April 9, 2008 (to comply with the procedural requirements for presenting oral testimony at a hearing) and offered to pay MIH's attorney fees in connection with the continuance, MIH objected, insisting the hearing proceed as scheduled. MIH, of course, had the right to a prompt resolution of Li's motion. But by permitting the hearing to proceed before the full safe harbor period had run, MIH lost its right to seek sanctions under section 128.7.[7]

Our conclusion a ruling on the challenged motion during the safe harbor period precludes recovery of sanctions under section 128.7 is reinforced by federal cases discussing the analogous rule 11 of the Federal Rules of Civil Procedure (28 U.S.C.) (rule 11), on which section 128.7 is based. (*Musaelian v. Adams, supra*, 45 Cal.4th at p. 518, fn. 2 ["[t]he California Legislature essentially sought to replicate rule 11 when it enacted section

---

[7] If the party serving a sanctions motion seeks to continue the hearing on the offending motion and the other party unreasonably opposes the continuance, making compliance with section 128.7's safe harbor period impossible, it might be appropriate to conclude the right to the full safe harbor period has been waived or forfeited. Because those facts are not presented, however, we do not decide that issue.

128.7"]; *Hart v. Avetoom* (2002) 95 Cal.App.4th 410, 413 [115 Cal.Rptr.2d 511] [§ 128.7 is " 'modeled, almost word for word, on rule 11 of the Federal Rules of Civil Procedure' "]; accord, *Goodstone v. Southwest Airlines Co., supra,* 63 Cal.App.4th at p. 419 [because § 128.7 is modeled on rule 11, federal cases interpreting rule 11 instructive].)

Federal courts have recognized "a motion for sanctions under Rule 11 must be served on the offending party for a period of 'safe harbor' at least twenty-one days prior to the entry of final judgment or judicial rejection of the offending contention." (*Ridder v. City of Springfield* (6th Cir. 1997) 109 F.3d 288, 297; see *ibid.* ["party seeking sanctions must leave sufficient opportunity for the opposing party to choose whether to withdraw or cure the offense voluntarily before the court disposes of the challenged contention"]; *Hadges v. Yonkers Racing Corp.* (2d Cir. 1995) 48 F.3d 1320, 1327–1328 [rule 11 establishes a " 'safe harbor' of 21 days during which factual or legal contentions may be withdrawn or appropriately corrected in order to avoid sanction"]; *Kirk Capital Corp. v. Bailey* (8th Cir. 1994) 16 F.3d 1485, 1488 ["since the defendants did not serve their Motion for Sanctions on the plaintiffs, they did not give them the 21 day 'grace' period within which to voluntarily dismiss their Complaint"].) As the Ninth Circuit has observed, the trial court's dismissal of the offending pleading with prejudice during the safe harbor period leaves nothing for the plaintiff to correct or withdraw, effectively depriving that party of the safe harbor period. (*Truesdell v. Southern California Permanente Medical Group* (9th Cir. 2002) 293 F.3d 1146, 1153; see Schwarzer et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2009) ¶ 17:407, p. 17-55 (rev. # 1, 2009) [to comply with rule 11's safe harbor, the sanctions motion must be served 21 days before the court rules on the underlying pleading or motion because "[p]resumably, it is too late to 'withdraw' or 'correct' a paper filed with the court after the court has ruled on its merits"].)

■ In sum, the central principle to be distilled from section 128.7's language and remedial purpose, as well as from appellate opinions interpreting section 128.7 and rule 11, is that the safe harbor period is mandatory and the full 21 days must be provided absent a court order shortening that time if sanctions are to be awarded. To preserve its right to sanctions, a party in MIH's position (responding to a motion filed and served 16 court days before the hearing) must obtain a continuance of that hearing or an order shortening time to file the sanctions motion. Absent such relief, resolution of the underlying issue during the safe harbor period improperly deprives the party who filed the offending pleading or motion of its right to the full safe harbor period.

## DISPOSITION

The order denying Li's motion to vacate is affirmed. The order awarding sanctions is reversed. Each party is to recover his and its costs on appeal.

Woods, J., and Jackson, J., concurred.