Filed 11/6/13  Gillette v. Ruiz CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JEFFREY GILLETTE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CARLOS RUIZ,<br><br>        Defendant;<br><br>HENRY M. LEE et al.,<br><br>        Real Parties in Interest and<br>        Appellants. | B244625<br><br>(Los Angeles Country<br>Super. Ct. No. LC087647) |

        APPEAL from an order of the Superior Court of Los Angeles County, Huey P. Cotton, Judge.  Reversed.

        Henry M. Lee, Law Corporation, Henry M. Lee and Michelle Tran, for Appellants.

        No appearance for Respondent.

                                    _____

Attorneys Henry M. Lee and Robert Myong appeal from an order imposing sanctions in the amount of $3,500 against Lee and $1,500 against Myong for failure to file a notice of related case. We agree with appellants that the trial court abused its discretion in imposing sanctions and reverse the sanctions order.

## FACTUAL AND PROCEDURAL SUMMARY

The underlying case stems from a dispute between Jeffrey Gillette and Carlos Ruiz, who formed a partnership to buy land, build on it, and sell the building. In 2009, Gillette sued Ruiz for fraud and breach of contract, alleging Ruiz mismanaged the property and misappropriated money from the partnership. In December 2010, a default judgment was entered against Ruiz. Ruiz unsuccessfully moved to set it aside.

In March 2012, appellants filed a complaint on Ruiz's behalf in Los Angeles Superior Court, case No. BC480390, seeking to set aside the default judgment and the subsequent sheriff's sale of Ruiz's interest in the property. On June 1, Gillette filed an ex-parte application to consolidate the two cases. Appellants filed an opposition on Ruiz's behalf, taking the position that the cases were not related. On June 21, the court ordered counsel for Ruiz to file a notice of related case or risk sanctions. On June 22, Gillette filed such a notice. In July, the court ordered the cases related. In August, Gillette filed a motion to consolidate and sought sanctions under Code of Civil Procedure section 128.7 (hereafter, section 128.7). He argued that case No. BC480390 had been filed for an improper purpose. The court continued the motion to consolidate until October 23 and issued an order to show cause (OSC) why sanctions in the amount of $1,500 should not be imposed for failure to file a notice of related case. The reporter's transcript indicates the OSC was issued against Ruiz, but the minute order states it was against Ruiz's counsel.

Michelle Tran, an attorney in Lee's law firm, responded to the OSC on Ruiz's behalf and appeared at the October 5 hearing on the OSC regarding sanctions. She told the court that appellants were Ruiz's active counsel when the decision not to file a notice of related case was made and that Lee approved the response to the OSC. The court

2

stated it had given counsel "a safe harbor in which to file a notice of related case," and the arguments in response to the OSC were "disingenuous" or "worse." The court imposed $3,500 in sanctions against Lee, $1,500 against Myong, and none against Tran. The sanctions were to be paid to the court.

This timely appeal followed.

## DISCUSSION

An order imposing sanctions is reviewed for abuse of discretion. (*Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 167.)

The purpose of section 128.7 is "to check abuses in the filing of pleadings, petitions, written notices of motions or similar papers." (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 514.) The statute is intended to promote compliance rather than punish the offender. (*Malovec v. Hamrell* (1999) 70 Cal.App.4th 434, 442.) To this end, sanctions may be awarded on a party's motion or on the court's own motion, but only after the offender is given 21 days to withdraw or correct the improper paper. (§ 128.7(c).) The 21-day "safe harbor" period begins when the offender is served with a motion for sanctions, which may not be combined with any other motion. (§ 128.7(c)(1).) Or, if the court is acting sua sponte, the "safe harbor" period is triggered by service of an order that describes the sanctionable conduct and directs the offender to show cause why sanctions should not be imposed. (§ 128.7(c)(2).)

Both Gillette and the court purported to proceed under section 128.7, but neither complied with the letter or purpose of the statute. Although Gillette maintained that the complaint in case No. BC480390 was improperly filed, he did not serve Ruiz with a separate motion for sanctions requiring the withdrawal of the complaint within 21 days. Nor did the court issue an OSC identifying the complaint as the offending paper. Rather, the only sanctionable conduct the court identified was the failure to file a notice of related case. Even assuming section 128.7 applies to such conduct, compliance was rendered moot by the fact that Gillette filed a notice of related case before the court issued an OSC regarding sanctions. A party is not required to file a notice of related case if another

3

party has already filed such a notice.  (Cal. Rules of Court, rule 3.300(k).)  The imposition of sanctions under the circumstances was strictly punitive and contrary to the purpose of the statute.  (Cf. *Malovec v. Hamrell*, *supra*, 70 Cal.App.4th at p. 442 [if compliance is no longer possible, "imposition of sanctions becomes strictly punitive, not an intended purpose of the statute"].)  The court's imposition of increased sanctions on Lee for his approval of the response to the OSC also was improper.  (See *Goodstone v. Southwest Airlines Co.* (1998) 63 Cal.App.4th 406, 424 [frivolous response to sanctions motion not sanctionable where motion made in violation of safe-harbor provision].)

## DISPOSITION

The October 5, 2012 order imposing sanctions is reversed.  Appellants to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


MANELLA, J.


SUZUKAWA, J.

4