Filed 1/26/22  Lafferty v. Fleetwood Motor Homes of Cal. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| PATRICK LAFFERTY et al., | C059562 |
| Plaintiffs and Appellants, | (Super. Ct. No. CV030892) |
| v. | |
| FLEETWOOD MOTOR HOMES OF CALIFORNIA, INC., | |
| Defendant and Respondent. | |

This is the continuing saga of a Fleetwood motor home that has had a much longer journey through the legal system than it did when plaintiffs Patrick and Mary Lafferty drove it.  In 2006, the Laffertys filed an action based on alleged motor home defects.  We have previously heard appeals relating to the lender for the vehicle.  (*Lafferty v. Wells Fargo Bank* (2013) 213 Cal.App.4th 545; *Lafferty v. Wells Fargo Bank* (Mar. 26, 2015, C074843) [nonpub. opn.]; *Lafferty v. Wells Fargo Bank, N.A.* (2018) 25 Cal.App.5th

398.)  This appeal concerns the Lafferty's action against the manufacturer of the motor home, who they named as defendant "Fleetwood Motor Homes."[1]

The problem for the Laffertys was that "Fleetwood Motor Homes" did not exist. Instead, there existed two *separate* legal entities:  Fleetwood Motor Homes of Indiana, Inc. (Fleetwood of Indiana) and Fleetwood Motor Homes of California, Inc. (Fleetwood of California).  The motor home in this case was manufactured by Fleetwood of Indiana – a fact that the attorney for Fleetwood of California repeatedly pointed out to the Laffertys.  The Laffertys nonetheless maintained their action against Fleetwood of California, which necessitated a motion for summary judgment by Fleetwood of California.  To recover the costs of preparing the motion for summary judgment, Fleetwood of California moved for sanctions under former Code of Civil Procedure section 128.5 (former section 128.5).  (Stats. 1994, ch. 1062, § 1, pp. 6395-6396.)  The trial court granted monetary sanctions against the Laffertys and their attorney, Timothy D. Murphy.  Only Patrick and Mary Lafferty appeal.[2]

On appeal, the Laffertys contend (1) former section 128.5 does not apply to this case because this action was filed after December 31, 1994, (2) former section 128.5 does not apply to "a failure to act" such as failure to dismiss a party, (3) Fleetwood of California "waived sanctions by agreeing to its own voluntary dismissal," (4) the record does not support the trial court's order for lack of any evidence that the sanctionable

---

[1]    This appeal was stayed for almost a dozen years – from March 2009 to February 2021 – while bankruptcy proceedings in federal court were pending for Fleetwood Motor Homes of California, Inc. (which was listed in federal court as Fleetwood Enterprises, Inc.).  (11 U.S.C. § 362(a)(1) [automatically staying collateral judicial actions during the pendency of a bankruptcy proceeding].)

[2]    Even though the sanctions order also applies to attorney Timothy D. Murphy personally, he did not join in the notice of appeal and therefore cannot be afforded relief on appeal.  (Cf. *In re J.F*. (2019) 39 Cal.App.5th 70, 75 [jurisdiction of the reviewing court is limited by the scope of the notice of appeal].)

conduct involved " 'an action or tactic,' " was " 'totally without merit,' " or brought with the " 'sole purpose to harass or delay,' " and (5) the trial court's sanctions order relies on inconsistent findings of fact.

We conclude that former section 128.5 does not apply to this case because it was filed in 2006. Accordingly, we reverse the sanctions order imposed under that inapplicable section.

## BACKGROUND

In 2006, the Laffertys filed a complaint alleging various causes of action arising out of a defective motor home that was manufactured by "defendant Fleetwood Motor Homes," which the complaint alleged "was doing business in Riverside, California." A business called "Fleetwood Motor Homes of California, Inc." (Fleetwood of California) contacted the Laffertys. As the trial court would later find, Fleetwood of California "provided [the Laffertys] with overwhelming evidence that it was not the manufacturer of the subject motor home in this case, and, as such, was not a party to this action at all. Further, [Fleetwood of California] made every reasonable effort to notify [the Laffertys] of their improper inclusion of a wrong legal entity, by sending written correspondence to [them] on or about March 28, 2007, June 5, 2007, June 20, 2007, July 19, 2007, and January 3, 2008. Based on [the Laffertys'] refusal to dismiss Defendant [Fleetwood of California] from their action, [Fleetwood of California] was forced to expend resources, which included preparing a Motion for Summary Judgment."

On February 4, 2008, Fleetwood of California brought a motion for sanctions solely under former section 128.5. Four days later, the Laffertys requested dismissal of Fleetwood of California from the action. The Laffertys then opposed the motion for sanctions. The trial court granted the motion for sanctions on grounds that the Laffertys "knowingly pursued a frivolous action against [Fleetwood of California]," and ordered the Patrick and Mary Lafferty and their attorney of record, Timothy D. Murphy, to pay

3

$3,982.50 in attorney fees to Fleetwood of California.  Thereafter, Patrick and Mary Lafferty timely filed a notice of appeal.

## DISCUSSION

### *Former Section 128.5's Applicability to Actions Filed After December 31, 1994*

The Laffertys argue that former section 128.5 applies only to actions filed before December 31, 1994.  We note that the Laffertys' argument dates to the filing of their opening brief in March 2009 – the only appellate brief filed in this appeal.  Thus, the Laffertys' argument preceded amendment of section 128.5 in 2014.  (Stats. 2014, ch. 425, § 1.)  In light of the subsequent amendment, we refer to the applicable version of the statute as former section 128.5.  Former section 128.5 provided in pertinent part:

"(a)  Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. . . .

"(b)  For purposes of this section:

"(1)  'Actions or tactics' include, but are not limited to, the making or opposing of motions or the filing and service of a complaint or cross-complaint *only if the actions or tactics arise from a complaint filed, or a proceeding initiated, on or before December 31, 1994*."  (Stats. 1994, ch. 1062, § 1, pp. 6395-6396, italics added.)

The Laffertys correctly point out that this action was filed in 2006 and the sanctions order was issued in June 2008.  On this basis, they argue that the sanctions imposed under former section 128.5 must be reversed.  We agree.  In *Levy v. Blum* (2001) 92 Cal.App.4th 625, the Fifth District explained that "[a] trial court may impose sanctions pursuant to [former] section 128.5 against a party, the party's attorney, or both, for 'bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay,' when the actions or tactics 'arise from a complaint filed, or a proceeding initiated,' prior

4

to January 1, 1995.  (§ 128.5, subds. (a), (b)(1); see also *Malovec v. Hamrell* (1999) 70 Cal.App.4th 434, 437-438.)"  (*Id.* at p. 635; accord *San Diegans for Open Government v. City of San Diego* (2016) 247 Cal.App.4th 1306, 1314 ["Former section 128.5 applied only to complaints filed, or proceedings initiated, on or before December 31, 1994."] (*San Diegans*).)

Although the current version of section 128.5 does not contain a date restriction, it did not yet exist at the time the trial court imposed the sanctions order.  (See *San Diegans, supra,* 247 Cal.App.4th at pp. 1314-1315.)  The only basis for the sanctions order is former section 128.5.  We conclude the trial court relied on an inapplicable statute in issuing the appealed-from order.  Accordingly, we reverse the sanctions order.

## DISPOSITION

The order imposing sanctions under former Code of Civil Procedure section 128.5 is reversed only as to Patrick and Mary Lafferty.  The Laffertys are entitled to their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


          /s/
          HOCH, J.



We concur:


  /s/
RAYE, P. J.



  /s/
ROBIE, J.


5