Filed 7/22/22

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TRANSCON FINANCIAL, INC., et al., | |
| Plaintiffs and Appellants, | E076728 |
| v. | (Super.Ct.No. RIC2003566) |
| REID & HELLYER, APC, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. Carol A. Greene, Judge. Reversed.

Law Office of Ronald B. Talkov, Ronald B. Talkov; Talkov Law, Scott Talkov and Christopher M. Kiernan for Plaintiffs and Appellants.

O'Hagan Meyer, Clint D. Robison and John P. Allenza for Defendant and Respondent.

Defendant Reid & Hellyer, APC (Reid & Hellyer) moved for sanctions against plaintiff Transcon Financial, Inc. (Transcon) and its counsel, Ronald B. Talkov. Reid & Hellyer filed two motions, one under Code of Civil Procedure section 128.5 and one

1

under section 128.7. (Unlabeled statutory citations refer to the Code of Civil Procedure.) The trial court granted both motions.

Transcon and Talkov appeal from the orders granting the sanctions motions. We hold that the trial court erred by concluding that the sanctions motions could be filed on the last day of the 21-day safe harbor period, rather than on the first day after the 21-day period expired.

Reid & Hellyer filed their sanctions motions on the last day of the 21-day period and therefore did not comply with the safe harbor provisions of the governing statutes. The trial court therefore erred by granting the motions. Accordingly, we reverse.

BACKGROUND

On November 12, 2020, Reid & Hellyer served the motions for sanctions on Transcon and Talkov. The firm served the motions by first class mail and email. On December 7, 2020, the firm filed the sanctions motions. Transcon and Talkov filed opposition briefs arguing in part that Reid & Hellyer had not complied with the 21-day safe harbor provisions of sections 128.5 and 128.7.

The trial court determined that Reid & Hellyer had complied with the safe harbor provisions. The court ruled that 21 days from service was December 3, 2020, a Thursday, but service by email extended the period by two court days to Monday, December 7. (§ 1010.6, subd. (a)(4)(B).) The court concluded that "the first day to file was December 7, 2020," the day on which the firm had filed the motions.

The court further ruled that Transcon and Talkov had engaged in sanctionable conduct by (1) asserting a cause of action that was legally frivolous and completely

2

meritless and (2) including confidential financial information in the complaint for purposes of harassment. The court ordered Transcon and Talkov to pay $5,570 in costs to Reid & Hellyer and another $1,000 each to the court.

DISCUSSION

Transcon and Talkov argue that the court erroneously determined Reid & Hellyer had complied with the safe harbor provisions of sections 128.5 and 128.7. We agree. The firm filed the sanctions motions one day early. Consequently, Reid & Hellyer was not entitled to sanctions.

When the facts are undisputed, as they are here, we apply the de novo standard of review to the court's calculation of the safe harbor period. (*Broadcast Music, Inc. v. Structured Asset Sales, LLC* (2022) 75 Cal.App.5th 596, 604 (*Broadcast Music*); *Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 698 (*Martorana*).)

Under section 128.7, the party moving for sanctions must serve the motion on the opposing party, but the motion "shall not be filed with or presented to the court unless, within 21 days after service of the motion, or any other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." (§ 128.7, subd. (c)(1).) Section 128.5 contains a nearly identical safe harbor provision. (§ 128.5, subd. (f)(1)(B) [sanctions motion "shall not be filed with or presented to the court, unless 21 days after service of the motion or any other period as the court may prescribe, the challenged action or tactic is not withdrawn or appropriately corrected"].)

3

Thus, a party seeking sanctions under sections 128.5 and 128.7 must follow a two-step procedure. (*Martorana*, *supra*, 175 Cal.App.4th at p. 698.) First, the "'moving party must serve on the offending party a motion for sanctions.'" (*Ibid*.) Service of the sanctions motion triggers the 21-day safe harbor period during which the moving party may not file the motion. (*Ibid*.) That is because the offending party may avoid sanctions by withdrawing the challenged pleading during the 21-day period. (*Ibid.*) Second, if the offending party does not withdraw the challenged pleading during that period, then the moving party may file the sanctions motion. (*Ibid.*)

The "21 days is not a notice period. . . . It defines when the target of a sanctions motion can act without penalty and withdraw" an objectionable document. (*Broadcast Music*, *supra*, 75 Cal.App.5th at p. 606.) The moving party must file the motion "*outside* the safe harbor period," not "on day one of the safe harbor period, day 21 of the safe harbor period, or any day in between." (*Ibid.*) In other words, the "sanctions motion cannot be filed until the 22nd day after service of the motion, i.e., after the 21-day safe harbor period expires." (*Id.* at p. 605.)

Moreover, the law requires strict compliance with the safe harbor provisions. (*Li v. Majestic Industry Hills LLC* (2009) 177 Cal.App.4th 585, 593.) Failure to comply with the safe harbor provisions "precludes an award of sanctions." (*Martorana*, *supra*, 175 Cal.App.4th at p. 700; *Li*, at p. 594 ["compliance with the safe harbor is a prerequisite to recovering sanctions"].)

In this case, the court erred by concluding that Reid & Hellyer had complied with the safe harbor provisions. The firm served both sanctions motions on November 12,

2020. The parties agree that 21 days from that date was Thursday, December 3, 2020. The parties also agree that the safe harbor period was extended by two court days under section 1010.6, subdivision (a)(4)(B). That section concerns electronic service and states in relevant part: "[A]ny right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic means by two court days." (§ 1010.6, subd. (a)(4)(B).)

Section 1010.6 thus extended the safe harbor period by two court days to Monday, December 7, 2020.[1] That means that Transcon and Talkov had through December 7 to withdraw the challenged complaint and avoid sanctions. And Reid & Hellyer had to wait for the period to expire fully before filing the sanctions motions. (*Broadcast Music*, *supra*, 75 Cal.App.5th at pp. 605-606.) The first day that the firm could file the motions was December 8, 2020. The trial court therefore erred by concluding that the firm had complied with the safe harbor provisions by filing on December 7.

The error requires reversal. (*Martorana*, *supra*, 175 Cal.App.4th at p. 700.) If the court had properly calculated the safe harbor period, it would have been required to deny the sanctions motions, because compliance with the safe harbor provisions was mandatory. (*Ibid.*) The error thus prejudiced Transcon and Talkov. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 [error is prejudicial if "'it is reasonably probable that

---

[1] Section 1013, subdivision (a), provides for an extension of five calendar days when a document is served by mail (and both the mailing address and the place of mailing are within California). Given that Reid & Hellyer also served the motions by email, we apply the shorter two-day extension for email service.

a result more favorable to the appealing party would have been reached in the absence of the error'"].)

Reid & Hellyer relies on *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814 (*Marriage of Falcone*) to argue that filing on the last day of the safe harbor period is proper. The wife in that case argued for reversal of the sanctions order because the filed motion papers differed from the papers that the husband had served on her. (*Id.* at p. 827.) In that context, the appellate court observed that "the papers to be served on the opposing party . . . must be the same papers that are ultimately filed with the court no less than 21 days later." (*Ibid.*)

We conclude that *Marriage of Falcone* is consistent with our approach for two reasons. First, the court was not asked to decide whether filing on the 21st day after service was proper. The case therefore does not support Reid & Hellyer's argument. (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1043 ["It is axiomatic that cases are not authority for propositions that are not considered"].) Second, our interpretation of the statutes is consistent with the language on which Reid & Hellyer relies, namely, that after service of a sanctions motion, the motion may be "filed with the court no less than 21 days later." (*Marriage of Falcone*, *supra*, 164 Cal.App.4th at p. 827.) Filing the motion on the 21st day would be filing it less than 21 days later. The party moving for sanctions must wait for the entire 21-day period to expire before filing, just as *Marriage of Falcone* says.

For all of these reasons, the court erred by granting the sanctions motions. We therefore reverse with directions to deny both motions.

6

DISPOSITION

The orders granting the motions for sanctions are reversed, and the trial court is directed to enter an order denying both motions.  Transcon and Talkov shall recover their costs of appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

CERTIFIED FOP PUBLICATION

MENETREZ _____
J.

We concur:

MILLER _____
         Acting P. J.
RAPHAEL _____
       J.